## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**AUBREY ALDRIDGE,**

      **Plaintiff,**

**vs.**                                                                 **No. CIV 00-0715 LCS**

**KERRY CLEMENTS, individually
and in his official capacity, JAMES
BONNELL, individually and in his
official capacity, and the LAS CRUCES
POLICE DEPARTMENT,**

      **Defendants.**

### <u>MEMORANDUM OPINION AND ORDER</u>

     **THIS MATTER** is before the Court on Defendants Kerry Clements (Clements) and Las

Cruces Police Department's Motion for Summary Judgment (Doc. 11), filed on July 20, 2000. The

Court, acting upon consent of the parties and designation pursuant 28 U.S.C. § 636, and having

considered the submissions of the parties, relevant law, and being otherwise fully advised, finds that

this Motion is well-taken in part and should be **GRANTED IN PART AND DENIED IN PART**.

**I.       Background.**

     The following statement of facts is set forth in the light most favorable to Plaintiff, with all

reasonable inferences from the record drawn in his favor. *See Clanton v. Cooper*, 129 F.3d 1147,

1150 (10th Cir.1997). On April 27, 1998, at approximately 11:00 p.m., while on duty as a patrol

officer with the Las Cruces Police Department, Defendant Clements (Clements) was in the parking

lot of the Smith's grocery store at the southeast corner of Walnut Street and Lohman Avenue. (Defs.

Ex. 1 at ¶ 2.)[1]  Clements observed a vehicle drive through the lot, turn off its lights, and circle around the back of Smith's. (Defs. Ex. 1 at ¶ 7.)  Clements followed the car and found it parked in a dark area behind the store  (Defs. Ex. 1 at ¶ 8.)  Clements noticed that a man was standing outside the vehicle, leaning in the driver's door, (Defs. Ex. 1 at ¶ 12), or leaning into the passenger's side seat. (Pl. Ex.  A at 2.)  Clements asked what the man was doing, (Defs. Ex. 1 at ¶ 12), or what was happening. (Pl. Ex. A at 2.)  The man responded that he was checking something, (Defs. Ex. 1 at ¶ 12), or "going through some stuff but would leave." (Pl. Ex. A at 2.)  The man then drove away. (Defs. Ex. 1 at ¶ 12.)

> In the search warrant affidavit, Clement further stated:
>
> This person was a black male, who did not provide a name to affiant upon contact. Affiant became more suspicious concerning the circumstances, and followed this motor vehicle which was being driven by the unknown black male.  The vehicle traveled to I-25 from Smith's Food Store, and after traveling about one half mile, affiant initiated a traffic stop of this vehicle, while on I-25.  Affiant made contact with this person again, and was asked by this unknown black male if he had done something wrong? Affiant informed this unknown black male he was still attempting to inquire as to what he (the unknown black male) was doing behind Smith's Food Store.

(Pl. Ex. A at 2.)

During the stop, the driver identified himself as the Plaintiff herein.  (Defs. Ex. 1 at ¶ 15.) After he was stopped, Plaintiff consented to a search of his vehicle. (*Id.*)  During the search of he car, officers found multiple identification cards, with Plaintiff's photo on all, and credit cards in names that matched the identification cards. (Defs. Ex. 1 at ¶ 16.)  The car also contained a number of packages

---

[1] Defendants have submitted an affidavit from Clements in support of their Motion for Summary Judgment, which is designated herein as Defendants' Exhibit 1.  In response, Plaintiff has submitted a copy of Clement's affidavit presented to a Doña Ana County Magistrate Judge in support of his application for a search warrant, herein designated as Plaintiff's Exhibit A.

from a variety of stores with receipts showing that the items had been purchased with credit cards. (Defs. Ex. 1 at ¶ 16.)

Plaintiff was arrested for dealing in credit cards of another.  A Doña Ana County Magistrate Judge subsequently issued a search warrant for items that had been in Plaintiff's's hotel room. (Defs. Ex. 1 at ¶ 19.) Additional identification cards, credit cards and credit card receipts were found. (*Id.*) The criminal charges against Plaintiff were ultimately dropped by the District Attorney's Office.

In support of their Reply, Defendants submit a Supplemental Affidavit from Clements.  (Defs. Ex. 3.)  In his Supplemental Affidavit, Clements stated that he unsuccessfully attempted to radio the police dispatcher before the initial encounter with Plaintiff behind Smith's.  (Defs. Ex. 3 at ¶ 4.) Clements further stated that he did not compel Plaintiff to speak with him behind the store because he felt he had no control over the situation and the circumstances posed a potential threat to his safety.  (*Id.*)  After he radioed the police dispatcher and requested back up, Clements initiated the traffic stop. (*Id.*)

Defendants argue that Plaintiff's claims against the Las Cruces Police Department should be dismissed because the Complaint fails to allege that the allegedly unconstitutional actions were taken pursuant to a municipal policy or custom, that Plaintiff's claims for punitive damages should be dismissed because such a damages are not available against governmental entities, and that the individual defendants are entitled to summary judgment based on qualified immunity.

## II.   Standards

 Defendants have presented their municipal liability and punitive damage issues under the standard of FED. R. CIV. P.12(b)(6).  An issue should not be dismissed under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would

entitle him to relief.  *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  In ruling on a motion to dismiss, the court must accept all the well-pleaded factual allegations of the complaint as true and view them in the light most favorable to the non-moving party.  *See Sutton v. Utah State Sch. for the Deaf and Blind*, 173 F. 3d 1226, 1236 (10th Cir.1999).  The court must consider whether the complaint, standing alone, is legally sufficient to state a claim upon which relief may be granted.  *See Ordinance 59 Ass'n v. United States Dep't of Interior Secretary*, 163 F. 3d 1150, 1152 (10th Cir.1998).

Defendants have presented and supported their assertion of qualified immunity under the summary judgment standard of FED. R. CIV. P. 56.  A motion for summary judgment may be granted only when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c).  Summary judgment is proper when the pleadings, depositions, answers to interrogatories and admissions on file, as well as any affidavits "show that there is no genuine issue as to any material fact."  *Id.*  When applying this standard, the Court examines the record and reasonable inferences in the light most favorable to the non-moving party.  *See Simms v. Oklahoma ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F. 3d 1321, 1326 (10th Cir. 1999).

**III.    Analysis**

   **A.    Whether Plaintiff's Claims Against the City of Las Cruces Police Department should be dismissed.**

Defendants assert that Plaintiff's claims against the Las Cruces Police Department should be dismissed because the Complaint fails to allege that the allegedly unconstitutional actions were taken pursuant to a municipal policy or custom.  To establish municipal liability, a plaintiff must show "that

the unconstitutional actions of an employee were representative of an official policy or custom of the municipality. *See Seamons v. Snow*, 206 F.3d 1021, 1029 (10th Cir. 2000) (*citing Pembaur v. City of Cincinnati*, 475 U.S. 469, 480-83 (1986)).  The Complaint does not allege the existence of a policy or practice of permitting unconstitutional traffic stops.  Plaintiff concedes that he can prove no set of facts that would support a finding that Clements' actions were taken pursuant to any policy or practice of the Las Cruces Police Department.  The claims against the Las Cruces Police Department should be dismissed.

**B.      Whether Plaintiff's Punitive Damage Claims Should be Dismissed.**

Defendants argue that Plaintiff's claims for punitive damages must be dismissed because such damages are not available against governmental entities.  Defendants are correct that punitive damages cannot be recovered from municipalities, *see Wolf v. City of Wichita*, 883 F. 2d 842 (10th Cir. 1989), or from governmental employees sued in their official capacities.  *See Sheideman v. Shawnee County Bd. of Comm'rs*, 895 F. Supp. 279, 283 (D. Kan. 1995).  Punitive damages are recoverable against individual defendants where "'the conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'" *See Jolivet v. Deland*, 966 F. 2d 573, 576 (10th Cir. 1992) (*quoting Smith v. Wade*, 461 U.S. 30, 56 (1983)).  In his reply, Plaintiff abandoned all claims for punitive damages except for his claims against Clements acting in his individual capacity.  Thus, the official capacity punitive damage claims should be dismissed.  Plaintiff alleges that Clements actions were racially motivated.  Punitive damages have been upheld where defendants' actions were motivated in part by racial animus.  *See Davis v. Locke*, 936 F. 2d 1208, 1214 (11th Cir. 1991).  Therefore, Plaintiff's punitive damage claim against Clements in his individual capacity should not be dismissed at this time.

5

**C.     Whether the Individual Defendants are Entitled to Summary Judgment Based on Qualified Immunity.**

A government official is entitled to qualified immunity from civil damages when his "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  In evaluating a claim of qualified immunity, the first question is whether the plaintiff has asserted a violation of a constitutional or statutory right. *See Garramone v. Romo*, 94 F. 3d 1446, 1449 (10th Cir.1996).  If the plaintiff has asserted a violation of a constitutional or statutory right, then the question becomes whether that right was clearly established such that a reasonable person in the defendant's position would have known that his conduct violated the right. *See id.,* 94 F. 3d at1449 (*citing Siegert v. Gilley*, 500 U.S. 226, 231 (1991)).

Summary judgment motions involving a qualified immunity defense are determined somewhat differently than other summary judgment motions. *See Romero v. Fay*, 45 F. 3d 1472, 1475 (10th Cir.1995). When a defendant raises qualified immunity on summary judgment, the burden shifts to the plaintiff to meet a strict two-part test. *Nelson v. McMullen*, 207 F. 3d 1202, 1206 (10th Cir. 2000).  First, the plaintiff must demonstrate that the defendant's actions violated a constitutional or statutory right. *See Wilson v. Layne*, 526 U.S. 603, 609 (1999).  Second, the plaintiff must show that the constitutional or statutory right the defendant allegedly violated was clearly established at the time of the conduct at issue. *See id.; Albright v. Rodriguez*, 51 F. 3d 1531, 1534-35 (10th Cir.1995). "Ordinarily, in order for the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." *Oliver v. Woods*, 209 F. 3d 1179, 1185 (10th Cir.

6

2000). If, and only if, the plaintiff establishes both elements of the test does a defendant then bear the traditional burden of showing "that there are no genuine issues of material fact and that he or she is entitled to judgment as a matter of law." *Albright*, 51 F. 3d at 1535.

Plaintiff alleges that Clements violated his clearly established Fourth Amendment right to be free from an unlawful search and seizure because Clements did not have probable cause to stop him on the interstate.  The Fourth Amendment protects the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures."  U.S. CONST. amend. IV.  The Tenth Circuit has identified three categories of police-citizen encounters: "(1) consensual encounters which do not implicate the Fourth Amendment, (2) investigative detentions which are Fourth Amendment seizures of limited scope and duration and must be supported by a reasonable suspicion of criminal activity, and (3) arrests, the most intrusive of Fourth Amendment seizures and reasonable only if supported by probable cause." *United States v. Davis*, 94 F. 3d 1465, 1467-68 (10th Cir.1996).

Clements argues he is entitled to qualified immunity because the totality of the circumstances justified the stop.  In support of this argument, Defendants refer to the circumstances surrounding the initial encounter behind the Smith's store. (*See* Defs.' Mem. in Supp. of Mot. for Summ. J. at 7-9.)  Defendants do not offer any additional facts that would establish reasonable suspicion or probable cause for the stop on the interstate.

Plaintiff is not challenging the legality of the encounter behind Smith's.  Plaintiff is challenging the traffic stop on the interstate. A consensual encounter between a private citizen and a law enforcement officer does not implicate the Fourth Amendment. *See Latta v. Keryte*, 118 F. 3d 693, 699 (10th Cir. 1997); *Florida v. Bostick*, 501 U.S. 429, 434, (1991).  Indeed, Plaintiff concedes that

7

the initial encounter was not itself a seizure, and acknowledges that Clements had the opportunity to investigate the circumstances that aroused his suspicions at that time.  (*See* Mem. in Resp. to Mot. for Summ. J. at 3.) The ultimate question in this case is whether the traffic stop on the interstate comported with the strictures of the Fourth Amendment.

After Defendants raised qualified immunity on summary judgment, the burden shifted to the Plaintiff to demonstrate both that he has alleged the deprivation of an actual constitutional right and that the constitutional right in question was clearly established at the time. *See Wilson v. Layne*, 526 U.S. at 609; *Albright*, 51 F. 3d at 1534-35.  Plaintiff has alleged deprivation of his Fourth Amendment right to be free from unreasonable searches and seizures while driving his car. (Compl. at ¶ 31.) Plaintiff had a constitutional right under the Fourth Amendment not to be subjected to a traffic stop without reasonable suspicion of wrongdoing. *See United States v. Botero-Ospina*, 71 F. 3d 783, 788 (10th Cir.1995); *United States v. Jones*, 44 F. 3d 860, 871 (10th Cir.1995); *Terry v. Ohio*, 392 U.S. 1 (1968).  Plaintiff has alleged the deprivation of an actual constitutional right as required by *Wilson*.  Plaintiff has satisfied the first half of his burden.  The second aspect of Plaintiff's burden is whether that right was clearly established at the time of the incident.

In April, 1998, the law was clearly established that a traffic stop was a "seizure" within the meaning of the Fourth Amendment and must be based on reasonable suspicion.  *See Delaware v. Prouse*, 440 U.S. 648, 653 (1979); *Terry v. Ohio*, 392 U.S. 1 (1968) (officer who observed suspicious circumstances may stop an individual briefly to investigate the circumstances provoking suspicion); *Botero-Ospina*, 71 F. 3d at 786 (concluding that even if an officer's initial traffic stop was justified by the officer's observation of a minor traffic violation, his investigation circumscribed by *Terry*); *United States v. Soto*, 988 F. 2d 1548, 1554 (10th Cir.1993) (in order to conduct a traffic

8

stop officer must have an objectively reasonable articulable suspicion that a traffic violation has occurred or is occurring). Thus, the law was clearly established in April, 1998 that Clements needed reasonable suspicion of criminal activity to initiate the traffic stop on the interstate. Plaintiff has satisfied his burden of demonstrating that Clements' alleged actions violated an actual constitutional right and that the right allegedly violated was clearly established at the time of the incident. Defendants thus bear the traditional burden of showing that there are no genuine issues of material fact in order to be entitled to judgment as a matter of law. *See Albright*, 51 F. 3d at 1535.

Reasonable suspicion "requires considerably less than proof of wrongdoing by a preponderance of the evidence, but something more than an inchoate and unparticularized suspicion or hunch." *United States v. Melendez-Garcia*, 28 F. 3d 1046, 1051 (10th Cir.1994). The officer must be "able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." *Terry*, 392 U.S. at 21. Based upon the current state of the record, the factors that aroused Clements suspicions at Smith's, and that may have justified a *Terry* stop at that point in time and at that location, were no longer present when Clements stopped Plaintiff on the interstate.

Cases involving intensely factual inquiries are often not amenable to resolution by summary judgment. *See e.g. O'Shea v. Yellow Technology Services, Inc.*, 185 F. 3d 1093, 1098 (10th Cir.1999) (severity and pervasiveness evaluation of sexual harassment claim is particularly unsuited for summary judgment because it is quintessentially a question of fact). The reasonable suspicion analysis is highly dependent on the facts. *See United States v. Barbee*, 968 F. 2d 1026, 1029 (10th Cir.1992). As it now stands, the record contains insufficient evidence to determine whether there was reasonable suspicion for the traffic stop. Therefore, the motion for summary judgment based on

qualified immunity should be denied.  *See Foote v. Speigel*, 118 F. 3d 1416, 1423 (10th Cir.1997).

**WHEREFORE,**

**IT IS ORDERED** that Defendants Kerry Clements and Las Cruces Police Department's Motion for Summary Judgment (Doc. 11), filed on July 20, 2000, is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** that the Motion with respect to municipal liability is **GRANTED**  and the claims against the Las Cruces Police Department are **DISMISSED**.

**IT IS FURTHER ORDERED** that the Motion with respect to punitive damages against Defendants in their official capacities is **GRANTED** and the claims for punitive damages against Defendants in their official capacities are **DISMISSED**. The punitive damages claims against Defendants in their individual capacities are not dismissed at this time.

**IT IS FURTHER ORDERED** that the Motion with respect to qualified immunity is **DENIED**.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**